KAFCAS v. KAFCAS.

DIVORCE—DIVISION OF PROPERTY EQUITABLE.

Where, in wife's suit for divorce on the ground of extreme cruelty after about eight months of married life, it is conceded that she is entitled to a decree, a decree providing that the husband reassign to her a one-half interest in a $3,000-equity in real estate belonging to her at the time of the marriage, which she assigned to him, and awarding him the sum of $1,270, which is the amount advanced by him to her over and above their actual living expenses, as nearly as could be determined, *held*, equitable.[1]

Cross-appeals from Wayne; Gilbert (Parm C.), J., presiding. Submitted April 6, 1926. (Docket No. 3.) Decided June 7, 1926.

Bill by Helen Kafcas against Daniel Kafcas for a divorce. From a decree for plaintiff, both parties appeal. Affirmed.

*Arthur A. Ude,* for plaintiff.

*Barbour & Martin,* for defendant.

SNOW, J. The court granted a decree of divorce to the plaintiff on the ground of extreme and repeated cruelty, and provided for a division of the property. Both parties appeal, taking exceptions to the decree as to the property only. Both concede the plaintiff is entitled to her decree of absolute divorce. The parties were married on the 5th day of February, 1924, and lived together with the exception of a short interruption until the forepart of October of the same year. They were separated for a few weeks in July, at which time plaintiff filed a bill for divorce, which

[1]Divorce, 19 C. J. §§ 776, 778.

was subsequently withdrawn, and the parties attempted to reconcile their difficulties and continue their marital relations. At the time of the marriage the plaintiff was buying a piece of real estate in the city of Detroit on contract, in which she had an equity of about $3,000. Upon request of her husband she later assigned to him a one-half interest in this contract. In the disposition of the case the chancellor decreed that the husband reassign to plaintiff this interest in her property so assigned to him, and by another provision of the decree created in his favor a lien upon the property in the sum of $1,270, which sum plaintiff was to pay him within six months from the date of said decree. This amount was awarded defendant as representing what the court found, as a matter of fact, he had advanced to her during their married life, over and above their actual living expenses.

A careful reading of the record leads us to the conclusion that the court made as fair and equitable a disposition of the property rights of the parties as was possible under the circumstances. The exact amount which defendant had advanced to her was in dispute and difficult of determination. The testimony, however, warranted the chancellor in arriving at his conclusions.

The decree will therefore be affirmed in all respects. No costs will be awarded either party.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.